UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK A. BLACK, #581811,

        Petitioner,

v.                                            Case Number 1:10-CV-11407
                                                 Honorable Thomas L. Ludington

THOMAS BIRKETT,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner, Derrick Black, a Michigan prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court in 2005. He was sentenced to consecutive terms of nine to fifteen years imprisonment and two years imprisonment for those convictions. In his pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel. The Court concludes that the claims are barred by procedural default and/or lack merit and will deny the petition. A certificate of appealability will be denied and leave to proceed *in forma pauperis* on appeal will also be denied.

I.

Petitioner's convictions arise from the non-fatal shooting of Brandon Davis during an altercation involving several young people on Greenlawn Street in Detroit, Michigan on March 21, 2005. The victim and other prosecution witnesses identified Petitioner as the shooter and/or testified

that he was present when the shooting occurred. Defense witnesses, namely Petitioner's mother and brothers, testified that Petitioner was not at the scene at the time of the shooting. The Court adopts the detailed statement of facts set forth in Petitioner's brief in support of his petition for the purposes of this opinion. *See* Pet. Br. pp. 1-20.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims through counsel and in a supplemental pro per brief: (1) the prosecutor engaged in misconduct by urging the jury to consider a witness's out-of-court statement as substantive evidence where it was only admitted for impeachment purposes and trial counsel was ineffective for failing to object to the prosecutor's argument; (2) the prosecutor engaged in misconduct while impeaching a defense witness, by vouching for the credibility of certain witnesses, by injecting personal opinion, and by improperly commenting on the physical evidence; (3) trial counsel was ineffective for failing to request jury instructions on assault with intent to commit great bodily harm less than murder and reckless discharge of a firearm, and the trial court erred in failing to sua sponte instruct the jury on such matters; and (4) the trial court erred in scoring the sentencing guidelines and refusing to depart downward from those guidelines. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions and sentence. *People v. Black*, No. 266831, 2007 WL 911911 (Mich. Ct. App. March 27, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Black*, 479 Mich. 868, 735 N.W.2d 274 (2007).

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that: (1) the trial court failed to properly instruct the jury with CJI2d 17.4 regarding mitigating circumstances and by not including the optional portion of CJI2d 17.3; (2) trial counsel

was ineffective for failing to request those instructions; and (3) appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal. The trial court found that Petitioner had failed to establish actual prejudice and denied the motion pursuant to Michigan Court Rule 6.508(D)(3)(b)(i). *People v. Black*, No. 05-005848-01-FC (Wayne Co. Cir. Ct. Sept. 17, 2008) (unpublished). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Black*, No. 290558 (Mich. Ct. App. Aug. 26, 2009) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Black*, 485 Mich. 1125, 780 N.W.2d 256 (2010).

Petitioner thereafter filed the present habeas petition, raising the same ineffective assistance of trial and appellate counsel claims presented to the state courts in his motion for relief from judgment and related appeals. Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and lack merit. Petitioner has filed a reply to that answer.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

A state court decision may be "contrary to" clearly established precedent, the Supreme Court explains, "if the state court applies a rule that contradicts the governing law set forth in our cases.... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405–06.

A state court decision involves an "unreasonable application" of clearly established precedent, the Court explains, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner;s case." *Id*. at 413.

The Court cautions, however, that an unreasonable application of federal law is different from an incorrect application of federal law. Unanimously emphasizing the limited nature of this review in *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770 (2011), the Court reiterated that AEDPA

imposes a highly deferential standard for evaluating state-court rulings, writing: "A state court's determination that a [petitioner's] claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

### III.

Petitioner first asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request jury instructions regarding mitigating circumstances, specifically Michigan Criminal Jury Instruction 17.4 (ICLE 2d ed. 2011) (stating that the accused cannot be found guilty of the crime of assault with intent to commit murder if circumstances would have reduced the charge to manslaughter had the victim died) and an optional portion of Michigan Criminal Jury Instruction 17.3 (ICLE 2d ed. 2011) (providing the phrase "and the circumstances did not legally excuse or reduce the crime"). Respondent contends that these claims are barred by procedural default and lack merit.

Federal habeas relief is precluded for claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *See Ylst*

*v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner first presented these specific claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the trial court found that Petitioner did not establish actual prejudice because the claims lacked merit and thus denied relief under Michigan Court Rule 6.508(D)(3)(b)(I). *See People v. Black*, No. 05-005848-01-FC, at 5 (Wayne Co. Cir. Ct. Sept. 17, 2008) (unpublished) ("Defendant has failed to make meritorious arguments which establish that, but for the alleged errors, he would not have been convicted."). Accordingly, Petitioner's ineffective assistance of trial counsel claims are procedurally defaulted.

Petitioner then asserts that he received ineffective assistance of appellate counsel as cause to excuse his default. In order to establish ineffective assistance of counsel, Petitioner must show

"that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland,* 466 U.S. at 690. Judicial scrutiny of counsel's performance is thus "highly deferential." *Id*. at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy .... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002); *see also Fautenberry v. Mitchell*, 515 F .3d 614, 642 (6th Cir. 2008). Appellate counsel may deliver

deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has not demonstrated that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented a legitimate prosecutorial misconduct issue on direct appeal. That issue, while not warranting reversal, was developed and the claims presented in the motion for relief from judgment are not obviously stronger. To be sure, the trial court, in considering the prejudice component of the cause and prejudice test, found that the claims lacked merit. Petitioner has thus failed to demonstrate that appellate counsel was ineffective so as to establish cause to excuse his procedural default.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court notes that it would find that the defaulted claims lack merit for the reasons stated by the trial court in denying Petitioner's motion for relief from judgment.

Finally, Petitioner has not demonstrated that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made no

such showing. His ineffective assistance of trial counsel claims are thus barred by procedural default, otherwise lack merit, and do not warrant relief.

Petitioner relatedly asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal in the state courts. Petitioner, however, is not entitled to habeas relief on an independent claim challenging appellate counsel's conduct. As explained *supra*, he has failed to establish that appellate counsel was ineffective under the *Strickland* standard, and the defaulted claims lack merit. Habeas relief is therefore not warranted on this claim.

IV.

For the reasons stated, Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the petition for a writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE**.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason

would find it debatable whether Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Based upon the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural default ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as the appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 12, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Derrick Black, #581811 at Pine River Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 first class U.S. mail on July 12, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS